**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

JASMINE COURT HOUSING DEVELOPMENT
FUND CORP.,

                Plaintiff,

    -against-

ALLIANCE OF NONPROFITS FOR
INSURANCE RISK RETENTION GROUP,

                Defendant.

Case No.

**COMPLAINT**

The Plaintiff Jasmine Court Housing Development Fund Corp. (the "Plaintiff" or "Jasmine Court"), by and through its attorneys, The Dweck Law Firm, LLP, as and for its Complaint for a Declaratory Judgment against the Defendant Alliance of Nonprofits for Insurance Risk Retention Group (the "Defendant" or "ANI"), respectfully alleges as follows:

## NATURE OF THIS ACTION

1.      In this action, Plaintiff Jasmine Court seeks a determination of its rights and obligations under an insurance policy issued by Defendant ANI in connection with a personal injury lawsuit filed against Jasmine Court by Jennie Cruz ("Cruz") in the Supreme Court of the State of New York, County of Bronx.

## JURISDICTION & VENUE

2.      Jurisdiction is based upon diversity of citizenship pursuant to 28 U.S.C. § 1332(a)(1).

3.      Plaintiff Jasmine Court is a housing development corporation organized under the laws of the State of New York with its principal place of business in New York. Plaintiff is a citizen of New York.

4.      Plaintiff Jasmine Court is the owner of the real property located at and known as 759-767 East 138th Street, Bronx, New York 10457 (the "Building").

5.      The Building is a multi-story multi-unit apartment building.

5.      Defendant ANI is a nonprofit corporation organized under the laws of the State of Vermont with its principal place of business in California. Defendant ANI is a citizen of Vermont and California.

6.      Diversity jurisdiction exists because: (a) there is complete diversity of citizenship between Plaintiff Jasmine Court and Defendant ANI, and (b) the amount in controversy, including the potential costs of defending and indemnifying Jasmine Court with regard to the underlying action, exceeds $75,000, exclusive of interest and costs.

7.      An actual justiciable controversy exists between Jasmine Court and ANI, and by the terms and provisions of Rule 57 of the Federal Rules of Civil Procedure ("FRCP") and 28 U.S.C. §§ 2201 and 2202, this Court is vested with the power to declare the rights and liabilities of the parties hereto and to grant such relief as it deems necessary and proper.

8.      Venue in the Southern District of New York is proper pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events pertaining to the subject insurance policy occurred in the Southern District of New York.

## THE UNDERLYING ACTION

9.      On January 29, 2025, Jennie Cruz filed a lawsuit in the Supreme Court of the State of New York, County of Bronx, Index No.: 802285/2025E, captioned *Jennie Cruz v. Jasmine Court Housing Development Fund Corp.* (the "Underlying Action").

10.     The Complaint in the Underlying Action asserts a cause of action for negligence.

11.      The Complaint in the Underlying Action alleges that, on September 3, 2024, Cruz was caused to sustain serious personal injuries at or near the Building.

## THE POLICY

12.      Defendant ANI issued commercial general liability policy No. 2023-74359 (the "Original Policy") to the Joint Ownership Entity of New York City Corp. ("JOE NYC") for the policy period October 20, 2023 to October 20, 2024. [1] The Building was not covered under the Original Policy. The annual premium for the Original Policy was $234,985 which was paid to Defendant.

13.      The commercial general liability coverage part of the Policy provides liability limits of $1 million for each occurrence and $3 million in the general aggregate.

14.      Prior to the renewal of the Original Policy, the Plaintiff and JOE NYC agreed that the Plaintiff's Building would be managed by JOE NYC pursuant to a written Administrative Agreement and that it was to be added to the Original Policy.

15.      On November 14, 2023 ANI issued a Policy Change with an Effective Date of November 14, 2023.  The Policy Change included a list of additional locations to be covered under the Original Policy one of which was the Building owned by the Plaintiff.

16.      The Policy Change included the address for the Building and listed the Named Insured as JOE NYC but it did not list the Plaintiff, the owner of the Building, as an insured.

17.      The intent of the Policy Change was to provide coverage under the Original Policy for the additional locations which included the Building owned by Plaintiff.

18.      The Policy Change reflected an annual premium of $80,137.00 for the Building which was paid to Defendant.

---

[1] The JOE NYC acts as the managing agent for the Plaintiff pursuant to an Administrative Agreement.

19.    The main form of the Original Policy provides, in pertinent part, as follows:

**SECTION I – COVERAGES**

**COVERAGE A: BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

1.    Insuring Agreement

   a.

   We will pay those sums that the Insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the Insured against any "suit" seeking those damages. However, we will have no duty to defend the Insurance against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. . . .

   b.

   This insurance applies to "bodily injury" and "property damage" only if:

   (1)    The "bodily injury" and "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

   (2)    The "bodily injury" or "property damage" occurs during the policy period; and

   (3)    Prior to the policy period, no insured listed under Paragraph 1 of Section II – Who is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

   c.

   "Bodily injury" or "property damage" which occurs during the policy period and was not, prior to the policy period, known to have

4

occurred by any Insured listed under Paragraph 1. Of Section II – Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim, includes any continuation, change or resumption of that "bodily injury" or "property damage" after the end of the policy period. . . .

The policy contains a New York Limitation of Coverage To Designated Premises, Project or Operations Endorsement, form CG 21 14 (04-17), which provides in pertinent part:

A. Paragraph **1.b.** under **Section I – Coverage A – Bodily Injury And Property Damage Liability** is replaced by the following:

b. This insurance applies to "bodily injury" and "property damage" caused by an "occurrence" that takes place in the "coverage territory" only if:

(1) The "bodily injury" or "property damage":

(a) Occurs on the premises shown in the Schedule or the grounds and structures appurtenant to those premises; or

(b) Arises out of the project or operation shown in the Schedule

\* \* \*

## COVERAGE DISPUTE

20. The Plaintiff Jasmine Court sought a defense and indemnity from Defendant ANI under the Policy in connection with the claims asserted against Plaintiff in the Underlying Action.

21. On May 30, 2025 the Defendant ANI, through its attorneys Bennett, Bricklin & Saltzburg LLC, improperly and unlawfully disclaimed coverage for the Underlying Action. The denial and disclaimer stated the following as the reason for the denial and disclaimer:

"JCHD is not a named insured or additional insured as those terms are defined by the ANI policy and there is no insurance coverage for any and all of the allegations set forth in the Litigation Matter."

5

22.     In essence the claimed basis for the denial and disclaimer of the Defendant was the

assertion that the Policy only insured the Plaintiff's managing agent, Joint Ownership Entity New

York City Corp. ("JOE NYC"), and that Plaintiff Jasmine Court could not be insured because it

was not listed as a named insured or additional insured on the policy.

23.     On June 16, 2025 the Defendant ANI, through its attorneys Bennett, Bricklin &

Saltzburg LLC, improperly and unlawfully issued a second notice of disclaimer and disclaimed

coverage for the Underlying Action.  The second denial and disclaimer stated the following as the

reason for the denial and disclaimer:

        "JCHD is not a named insured or additional insured as those terms are defined by
the ANI policy and there is no insurance coverage for any and all of the allegations set forth in the
Litigation Matter."

24.     Upon information and belief the second notice of denial was issued after Defendant

was provided with a copy of the Administrators Agreement between Plaintiff and Defendant as

referenced hereinbefore.

25.     The Plaintiff now brings this action to obtain a judicial declaration that Defendant

ANI owes a duty under the Policy to defend and indemnify Plaintiff in connection with the claims

asserted against it in the Underlying Action.

**COUNT I**
**ANI's Duty to Defend and Indemnify**

26.     The Plaintiff repeats and realleges each and every allegation contained in

Paragraphs of the Complaint numbered 1 through 25, inclusive.

27.     The Insuring Agreement of Coverage A of the Original Policy provides that ANI

"will pay those sums that the Insured becomes legally obligated to pay as damages because of

'bodily injury' or 'property damage' to which this insurance applies" and "will have the right and duty to defend the Insured against any 'suit' seeking those damages."

28.     The Complaint in the Underlying Action satisfies the Insuring Agreement of Coverage A, and no exclusions contained in the Policy preclude coverage.

29.     The Complaint in the Underlying Action alleges that Cruz suffered personal injuries at or near the real property owned by Plaintiff Jasmine Court and managed by JOE NYC.

30.     The Insuring Agreement of Coverage A of the Policy provides that the "insurance applies to 'bodily injury' and 'property damage' caused by an 'occurrence' that takes place in the 'coverage territory' only if . . . the 'bodily injury' or 'property damage': (a) occurs on the premises shown in the Schedule or the grounds and structures appurtenant to those premises; or (b) arises out of the . . . operation shown in the Schedule".

31.     The Policy Endorsement dated November 14, 2023 explicitly listed the subject real property owned by Plaintiff as Loc #16, Class Code 60010, 759-767 East 138th Street, Bronx, New York 10457 and included that premises within the coverage of the Policy.

32.     Accordingly, because the allegations contained within the Complaint in the Underlying Action meet the requirements of the Insuring Agreement Coverage A of the Policy, the Policy affords coverage to Plaintiff for the claims asserted against it in the Underlying Action.

33.     Therefore, the Plaintiff Jasmine Court seeks a judgment that Defendant ANI owes a duty under the Policy to defend and indemnify Plaintiff in connection with the claims asserted against Plaintiff in the Underlying Action along with the attorneys' fees, costs and disbursements incurred in the prosecution of this action.

## COUNT II
### Alternative Relief for Return of Premiums

34.    The Plaintiff repeats and realleges each and every allegation contained in Paragraphs of the Complaint numbered 1 through 33, inclusive.

35.    The Plaintiff has paid Defendant $80,137.00 in premiums for insurance coverage under the Policy.

36.    The Defendant received, retained, benefitted and have been unjustly enriched from said monies totaling $80,137.00.

37.    If it is found that the Plaintiff is not a named insured under the Policy, then the monies were wrongfully and unjustly had, received, and retained by the Defendant.

38.    The Plaintiff has and continues to demand that Defendant disgorges itself of the monies wrongfully and unjustly had, received and retained by it.

39.    As a result of the foregoing tortious and intentional disregard of the rights of the Plaintiff, the Plaintiff has suffered particular monetary damages in the amount of $80,137.00, for which the Plaintiff demands judgment.

**WHEREFORE**, the Plaintiff Jasmine Court Housing Development Fund Corp. respectfully demands a declaration that the Defendant Alliance of Nonprofits for Insurance Risk Retention Group owes a duty under the insurance Policy to defend and indemnify the Plaintiff Jasmine Court Housing Development Fund Corp. in connection with the claims asserted against it in the Underlying Action, and, in the alternative, if this Court finds that the Plaintiff is not covered under the insurance Policy, Plaintiff is entitled to the return of the policy premiums unjustly had, received and retained by the Defendant.

## PRAYER FOR RELIEF

The Plaintiff Jasmine Court Housing Development Fund Corp. hereby respectfully requests the entry of an order and judgment in its favor and against the Defendant Alliance of Nonprofits for Insurance Risk Retention Group declaring as follows:

a.    This Court has jurisdiction over the parties and the subject matter of this litigation;

b.    The insurance Policy provides coverage to the Plaintiff Jasmine Court Housing Development Fund Corp. for the claims asserted against it in the Underlying Action;

c.    The Defendant Alliance of Nonprofits for Insurance Risk Retention Group owes a duty under the insurance Policy to defend Plaintiff Jasmine Court Housing Development Fund Corp. in connection with the claims asserted against it in the Underlying Action;

d.    The Defendant Alliance of Nonprofits for Insurance Risk Retention Group owes a duty under the insurance Policy to indemnify Plaintiff Jasmine Court Housing Development Fund Corp. in connection with the claims asserted against it in the Underlying Action;

e.    The Plaintiff Jasmine Court Housing Development Fund Corp. is entitled to an award of its attorneys' fees, costs and disbursements;

f.    The Plaintiff is entitled to the return of its insurance premiums paid to Defendant; and

g.    Such other and further relief as to this Court may seem just and proper.

Dated: New York, New York
      September 22, 2025

**THE DWECK LAW FIRM, LLP**
*Attorneys for the Plaintiff*


By:    ___*s/ H.P. Sean Dweck*___
        H.P. Sean Dweck
        Rourke T. Feinberg
One Rockefeller Plaza, Suite 1712
New York, New York 10020
T: (212) 687-8200
F: (212) 697-2521
hpsdweck@dwecklaw.com
rourkefeinberg@dwecklaw.com